IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

C. GRIFFIN,

              Plaintiff,

   v.

UW SYSTEM BOARD OF REGENTS,
UNIVERSITY OF WISCONSIN-
MILWAUKEE, MARK MONES,
KRISTEN BOEHM, TIMOTHY
OPGENORTH, KIRSTEN
ARCHAMBEAU, CHERYL ANDRES and
JOHN/JANE DOE(S),

              Defendants.

OPINION AND ORDER

19-cv-277-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action, pro se plaintiff C. Griffin, a former student at defendant University of Wisconsin-Milwaukee, alleges that defendants (1) subjected her to harassment and discrimination because of her race, gender and national origin, in violation of Title VI of the Civil Rights Act of 1964 and the equal protection clause of the Fourteenth Amendment (as enforced through 42 U.S.C. § 1983); and (2) carried out a fraudulent scheme to charge her higher tuition as a non-Wisconsin resident in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1962(c). Before the court is defendants' motion to dismiss all of plaintiff's claims except for her Title VI claim against the Board of Regents. Dkt. #7. Specifically, defendants argue that the university is not a suable entity, the Board of Regents is not a "person" for purposes of § 1983, the Eleventh Amendment bars plaintiff's RICO claim against the Board of Regents and plaintiff's allegations against the individual defendants are insufficient to state any federal claim.

For the reasons stated below, I am dismissing the University of Wisconsin-Milwaukee as a defendant, dismissing all of plaintiff's equal protection and RICO claims and dismissing plaintiff's Title VI claims against the individual defendants. Thus, the only claim remaining in this lawsuit will be plaintiff's Title VI claim against the Board of Regents.

In resolving a motion to dismiss, the court must take all well-pled facts in the complaint as true and draw all reasonable inferences in favor of plaintiff. <u>Reger Development, LLC v. National City Bank</u>, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff alleges the following facts in her complaint.

ALLEGATIONS OF FACT

Plaintiff is an African American woman and a life-long resident of Wisconsin. Defendant University of Wisconsin-Milwaukee is a public university and recipient of state and federal funds, offering degrees and course work in undergraduate, graduate, professional and research programs. Defendant Board of Regents is the governing body of the University of Wisconsin System. Defendants Mark Mones, Kristen Boehm, Timothy Opgenorth, Kirsten Archambeau, Cheryl Andres and John and Jane Doe(s) are employees or agents of either the university or the Board of Regents.

Plaintiff is a former student of the university. She completed approximately 15 credits of course work with excellent grades. When plaintiff first applied to the university, defendants subjected her to "strange, bizarre, and harassing behavior," including requiring her to complete unnecessary "to do tasks" as a prerequisite to admission that defendants did

2

not require of similarly-situated applicants of a different race, gender or national origin than plaintiff. (Plaintiff does not identify her national origin.)

Defendants use an admission "flagging" system that mischaracterized plaintiff and other African American applicants as non-Wisconsin residents and subjected them to higher tuition rates than Wisconsin residents paid. Defendants use Google to verify the residency status of African American women but not any other students. They also created rules that apply only to plaintiff in order to bill her at higher rates than similarly-situated students not of her race, gender or national origin. Defendants have denied plaintiff financial aid, waivers and other opportunities provided to similarly-situated students not of her race, gender or national origin. On at least two occasions, defendants have used the United States mail and interstate wire communications to carry out a scheme to defraud her and subject her to "false and outrageous" billing. As a result, plaintiff has been forced to withdraw as a student and discontinue her education because defendants have placed "holds" on her academic record for nonpayment of these fees.

Plaintiff attaches several invoices and documents to her complaint, including a December 21, 2018 letter from defendant Archambeau (accounts receivable manager), who explained that the bills sent to her were for past-due summer and fall tuition and fees. Dkt. 1-1. In the letter, Archambeau acknowledged that plaintiff disputed the validity of the bills and told her to contact the undergraduate admissions residency coordinator to address any questions or concerns she may have about her residency determination.

3

OPINION

A. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the complaint's legal sufficiency. A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. The Court of Appeals for the Seventh Circuit has explained that it is generally sufficient that the "complaint contain[] factual allegations identifying (1) who discriminated against [the plaintiff]; (2) the type of discrimination that occurred; and (3) when the discrimination took place." McCauley v. City of Chicago, 671 F.3d 611, 617 (7th Cir. 2011). See also Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together.").

B. Defendant University of Wisconsin-Milwaukee

Defendants contend that the University of Wisconsin-Milwaukee is not an entity that can sue or be sued. Federal Rule of Civil Procedure 17(b)(3) provides that the capacity of

4

an entity to sue or be sued shall be determined by the law of the state where the court is located, which in this case is Wisconsin. There is no statute granting individual university institutions belonging to the University of Wisconsin system the power to sue or be sued, and courts addressing the issue have not found the universities making up the University of Wisconsin System to be suable entities under Wisconsin law. Derby v. University of Wisconsin, 54 F.R.D. 599, 600 (E.D. Wis. 1972) (dismissing suit against two University of Wisconsin institutions because they are not "natural or legal persons"); Tadder v. University of Wisconsin-Rock County, 2013 WL 3943498, at *2 (W.D. Wis. July 30, 2013) (citing Derby and Alawiye v. University of Wisconsin-Madison, 2006 WL 2161309, *1 (W.D. Wis. July 25, 2006) (dismissing suit against university because it is a non-suable entity)). See also Whiting v. Marathon County Sheriff's Department, 382 F.3d 700, 704 (7th Cir. 2004) (holding that sheriff's department not subject to suit because it is not separate legal entity from county government that it serves). Rather, it is the Board of Regents that has primary responsibility for the governance of the University of Wisconsin system. Wis. Stat. § 36.09(1). The board possesses "all powers necessary or convenient for the operation of the system," including designating individual institutions or universities to be part of the system. Wis. Stat. §§ 36.03, 36.05(9) and 36.09(1)(L). Therefore, the university will be dismissed as a defendant in this case.

B.  Equal Protection Claims

Plaintiff generally alleges that the Board of Regents and the individual defendants violated her rights under the equal protection clause by requiring her to meet admissions requirements not applicable to other individuals, improperly designating her as a non-Wisconsin resident and billing her at a higher tuition rate because of her race, gender and national origin.  As an initial matter, defendants correctly point out that only "persons" are subject to suit under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); Thomas v. Illinois, 697 F.3d 612, 613-14 (7th Cir. 2012) (same).  Because the Board of Regents is a state entity not subject to suit under § 1983, plaintiff's equal protection claims against the board must be dismissed.

With respect to plaintiff's claims against Mones, Boehm, Opgenorth, Archambeau, Andres and the Doe defendants, defendants point out that an individual cannot be held liable under § 1983 unless he or she personally caused or participated in the alleged violation.  Kuhn v. Goodlow, 678 F.3d 552, 555-56 (7th Cir. 2012) (defendant cannot be held liable under § 1983 unless he was personally involved in alleged conduct); Odogba v. Wisconsin Department of Justice, 22 F. Supp. 3d 895, 909 (E.D. Wis. 2014).  Therefore, to state a claim under either statute, plaintiff must connect the individual defendants with an alleged violation.  Bank of America, N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful.").

Plaintiff has failed to allege how any of the individual defendants personally

6

participated in or knowingly condoned the alleged harassment and discrimination that form the basis of her equal protection claims. Not only does plaintiff fail to identify any actions taken by the individual defendants, she does not even mention them in the body of her complaint, apart from generally stating that they "participated" in discrimination. Although plaintiff attaches to the complaint a copy of a letter sent by defendant Archambeau, it shows only that Archambeau was forwarding two outstanding bills. Although some of the individual defendants may be high-level administrators or officials, they cannot be found liable for damages on the basis of respondeat superior or other forms of vicarious liability. Ashcroft v. Iqbal, 556 U.S. 662, 675-77 (2009); T.E. v. Grindle, 599 F.3d 583, 588 (7th Cir. 2010); Collegians for a Constructive Tomorrow-Madison v. Regents of University of Wisconsin System, 820 F. Supp. 2d 932, 948 (W.D. Wis. 2011). Further, any "contention that any public employee who knows (or should know) about a wrong must do something to fix it is just an effort to evade, by indirection, [the well-established Supreme Court] rule that public employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). Because plaintiff's allegations against Mones, Boehm, Opgenorth, Archambeau, Andres and the Doe defendants are insufficient to suggest that any of these individuals had any personal involvement in the alleged wrongdoing, plaintiff's equal protection claims against them will be dismissed.

C. <u>Civil Racketeering Claims</u>

Under 18 U.S.C. § 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." It is also unlawful "for any person to conspire to violate the provisions of subsection . . . (c)." 18 U.S.C. § 1962(d). However, the Court of Appeals for the Seventh Circuit has cautioned that "[a]lthough 18 U.S.C. § 1964(c) provides a private civil action to recover treble damages for violations of RICO's substantive provisions, the statute was never intended to allow plaintiffs to turn garden-variety state law fraud claims into federal RICO actions." <u>Jennings v. Auto Meter Products, Inc.</u>, 495 F.3d 466, 472 (7th Cir. 2007) (citing <u>Sedima, S.P.R.L. v. Imrex Co., Inc.</u>, 473 U.S. 479, 481 (1985)).

To allege a civil RICO claim, plaintiff must show: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." <u>Sabrina Roppo v. Travelers Commercial Ins. Co.</u>, 869 F.3d 568, 588 (7th Cir. 2017) (quoting <u>Vicom, Inc. v. Harbridge Merchant Services</u>, Inc., 20 F.3d 771, 778 (7th Cir. 1994)). Because plaintiff alleges that the scheme to charge her a higher tuition involved wire and mail fraud, her RICO claims are governed by Rule 9(b) of the Federal Rule of Civil Procedure, which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." In order to satisfy this standard, plaintiff must allege two predicate acts of fraud, and for each act, "the identity of the person who made the misrepresentation, the time, place and content of the

8

misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Goren v. New Vision International, Inc., 156 F.3d 721, 729 (7th Cir. 1998), modified on other grounds by Brouwer v. Raffensperger, Hughes & Co., 199 F.3d 961 (7th Cir. 2000) (quoting Vicom, 20 F.3d at 777).

As defendants contend, plaintiff has failed to allege an enterprise, conduct or a pattern of racketeering activity with sufficient particularity to state a claim under RICO. To satisfy the enterprise element, plaintiff must make sufficient allegations to show "an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making." Jennings v. Emry, 910 F.2d 1434, 1440 (7th Cir. 1990) (citations omitted). Plaintiff's conclusory allegations about a fraudulent scheme to collect false or overinflated tuition payments fall far short of showing that the Board of Regents and the various university employees named as defendants conspired in an ongoing structure of joint decision-making to harm plaintiff. Goren, 156 F.3d at 730 ("'[L]umping together' of defendants is clearly insufficient to state a RICO claim under § 1962(c)."). Although plaintiff argues in her response brief that the individual defendants all participated in email communications with her regarding her tuition, this does not mean that these individuals intentionally conspired with each other to defraud her. Reves v. Ernst & Young, 507 U.S. 170, 185 (1993) (RICO "liability depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs."); Limestone Development Corp. v. Village of Lemont, Illinois, 520 F.3d 797, 803 (7th Cir. 2008) ("RICO cases, like antitrust cases, are 'big' cases and the defendant should not be put to the expense of big-case discovery on the basis of a threadbare

claim."). Plaintiff also fails to identify any specific acts that defendants committed or how their actions may have constituted "racketeering activity." Sundsmo v. Calkins, 2015 WL 1715667, at *4 (W.D. Wis. Apr. 15, 2015) (finding same). Accordingly, plaintiff's civil RICO claims must be dismissed for her failure to state a claim upon which relief may be granted.

### D. No Individual Liability Under Title VI

Finally, defendants contend that because Title VI authorizes discrimination suits only against programs receiving federal financial assistance, 42 U.S.C. § 2000d, the individual defendants may not be held liable for violations of Title VI. Although neither the United States Supreme Court nor the Court of Appeals for the Seventh Circuit has addressed this issue directly, the answer can be found in Title IX of the Civil Rights Act, which was "modeled after Title VI" and "operate[s] in the same manner." Rogers v. Office of the Attorney General, 2017 WL 2864950, at *2 (N.D. Ind. July 5, 2017) (quoting Gebser v. Lago Vista Independent School District, 524 U.S. 274, 286 (1998)); Raven v. MATC, 2009 WL 10677318, at *2 (W.D. Wis. Oct. 20, 2009) (same). See also C.S. v. Couch, 843 F. Supp. 2d 894, 905 n.14 (N.D. Ind. 2011) (noting same in dicta). The Court of Appeals for the Seventh Circuit has held that a Title IX claim can be brought only against a recipient of federal grant money and not an individual. Smith v. Metropolitan School District Perry Township, 128 F.3d 1014, 1019-20 (7th Cir. 1997) (discussing Congress's rationale for

limiting private rights of action under Title IX). See also Raven, 2009 WL 10677318, *2 (relying on same to dismiss individual Title VI claims).

Plaintiff's allegations do not suggest that the individual defendants are themselves recipients of federal funds, and plaintiff did not offer any argument to that effect in her response to the motion to dismiss. Further, the mere fact that defendants are employed by the state government does not mean that they are recipients of federal funds. Rogers, 2017 WL 2864950, at *3. Therefore, plaintiff's Title VI claims against individual defendants will be dismissed. Plaintiff may proceed on her Title VI claim against the Board of Regents, which is the only remaining claim in this lawsuit.

ORDER

IT IS ORDERED that

1. Defendants' motion for partial dismissal, dkt. #7, is GRANTED.

2. All of plaintiff's claims except for her claim against the University System Board of Regents under Title VI of the Civil Rights Act of 1964, are DISMISSED.

3. Defendants University of Wisconsin-Milwaukee, Mark Mones, Kristen Boehm, Timothy Opgenorth, Kirsten Archambeau, Cheryl Andres and John and Jane Doe(s) are DISMISSED.

Entered this 16th day of October, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge