IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

C. GRIFFIN,

            Plaintiff,

   v.

UW SYSTEM BOARD OF REGENTS,

            Defendant.

OPINION AND ORDER

19-cv-277-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, pro se plaintiff C. Griffin, who is a former student at defendant University of Wisconsin-Milwaukee, brought claims against the university and several of its employees and officers, alleging that they violated her rights under Title VI of the Civil Rights Act of 1964, the equal protection clause of the Fourteenth Amendment and the Racketeer Influenced and Corrupt Organizations Act (RICO). In an order entered on October 16, 2019, I dismissed all of plaintiff's claims except for her Title VI claim against the University of Wisconsin System Board of Regents. Dkt. #15. Before the court is plaintiff's motion to reconsider several of my rulings under Fed. R. Civ. P. 59(e). Dkt. #16. For the reasons below, I am denying plaintiff's motion.

OPINION

"A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." Cincinnati Life Insurance Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013). Plaintiff's 12-page brief in support of her motion for reconsideration is confusing and summarizes various laws and rules that are not instructive

on the issues raised in defendants' motion to dismiss. However, I understand plaintiff to be challenging my findings that she failed to state a claim against the individual defendants under Title VII or § 1983, the university is not a suable entity and the Board of Regents is not a "person" for purposes of § 1983. Although plaintiff also seems to address arguments that defendants raised in their motion to dismiss about the Eleventh Amendment barring her RICO claim against the Board of Regents, I did not address that issue because I dismissed plaintiff's RICO claim on other grounds.

As an initial matter, plaintiff's arguments come too late. She raises points that she should have made in her original response to defendants' motion to dismiss and cannot seek to rectify that mistake after judgment has been entered. Firestone Fininacial Corp. v. Meyer, 796 F.3d 822, 825 (7th Cir. 2015) (A "party generally forfeits an argument or issue not raised in response to a motion to dismiss."); Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). In any event, plaintiff does not cite any evidence or legal authority that undermines my conclusions.

Plaintiff argues that I erred in finding that she failed to state a Title VII claim against the individual defendants. She specifically takes issue with my finding that the allegations in her complaint "do not suggest that the individual defendants are themselves recipients of federal funds," dkt. #15 at 11, pointing out that she alleged in her complaint that "defendants" are all recipients of federal funds. Dkt. #1 at 17. However, as I explained in my previous order, both this court and the Court of Appeals for the Seventh Circuit have held that claims under the Civil Rights Act are limited to programs or institutions that

receive federal grant money and not individuals. Smith v. Metropolitan School District Perry Township, 128 F.3d 1014, 1019 (7th Cir. 1997); Raven v. MATC, 2009 WL 10677318, at *2 (W.D. Wis. Oct. 20, 2009). Even though plaintiff generally alleges that "defendants" received federal funds, she has failed to allege or explain how the individual defendants can be considered direct recipients of federal grant money separate and distinct from the university. The mere fact that an individual is employed by a grant recipient does not mean the individual is a grant recipient himself. Rogers v. Office of the Attorney General, 2017 WL 2864950, at *3 (N.D. Ind. July 5, 2017).

I dismissed plaintiff's § 1983 claims against the individual defendants on the ground that her allegations were insufficient to suggest that any of these individuals had any personal involvement in the alleged wrongdoing. Plaintiff argues that she alleged in her complaint that "defendants" engaged in discrimination, chilled her protected activities and retaliated against her by restricting her rights. However, these vague assertions of general wrongdoing are merely legal conclusions and fail to put any of the individual defendants on notice of the claims against them. Bank of America, N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful."). As I explained in the previous order, plaintiff did not identify any specific actions taken by the individual defendants and in most cases did not even mention them in the body of her complaint.

Plaintiff also disputes my finding that the University of Wisconsin–Milwaukee is not an entity that may sue or be sued. Although she seems to agree that Fed. R. Civ. P. 17(b)(3)

3

provides that state law determines a party's capacity to be sued, she points out that there is an exception in subsection (A) of that provision, which states that "a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws." However, plaintiff does not cite any authority showing that the exception is applicable in this case or that the university is a partnership or unincorporated association. As I explained in my previous order, the proper defendant with respect to plaintiff's claims is the Board of Regents, which has primary responsibility for the governance of the University of Wisconsin system. Wis. Stat. § 36.09(1). Contrary to plaintiff's suggestion, this holds true with respect to all of plaintiff's claims and not merely her claim under 42 U.S.C. § 1983.

Because plaintiff has failed to show that I erred in dismissing her claims, I am denying her motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff C. Griffin's motion for reconsideration, dkt. #16, is DENIED.

Entered this 8th day of January, 2020.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge