IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

C. GRIFFIN,

        Plaintiff,

v.

UW SYSTEM BOARD OF REGENTS,

        Defendant.

OPINION AND ORDER

19-cv-277-bbc

---

In this civil action, pro se plaintiff C. Griffin, a former student at the University of Wisconsin-Milwaukee, is proceeding on a claim under Title VI of the Civil Rights Act of 1964 against defendant University of Wisconsin System Board of Regents. Before the court are (1) plaintiff's motion to quash the December 7, 2019 notice of her deposition and request for a protective order, dkt. 19; and (2) defendant's motion for an extension of time within which to file dispositive motions so that they may have time to take plaintiff's deposition. Dkt. 22. For the reasons below, I am denying plaintiff's motion and granting defendant's motion.

OPINION

In a notice of deposition dated December 4, 2019, defendant notified plaintiff that her deposition would be taken on January 10, 2020 in Madison, Wisconsin. On December 18, 2019, plaintiff filed a combined motion to quash the deposition notice and for a protective order pursuant to Fed. R. Civ. P. 26(c), arguing that defendant is "attempting to repeatedly frustrate or prevent legitimate discovery" and that she needs a protective order with respect to her deposition "to preclude continued abusive and bad faith conduct." Dkt. 19 at 1. Although plaintiff's motion is confusing, I understand her to be objecting to the fact that defendant has asked her to appear for her deposition in Madison instead of in Milwaukee, where she resides. She explains that she cannot drive, is an inexperienced traveler, and that arranging public

transportation and hotel accommodations would be unduly burdensome and expensive for her. Plaintiff asks that the court limit defendant to written questions or some other "remote means" of taking the deposition. Plaintiff did not contact defense counsel about her objections to the deposition before filing her motion.

Because plaintiff is a party in this lawsuit, defendant may depose her "by oral questions" without leave of court pursuant to Fed. R. Civ. P. 30(a)(1), provided that defendant give plaintiff proper notice under Rule 30(b)(1) and (3), which defendant did in this case. (Plaintiff's references to Fed. R. Civ. P. 30(b)(6) are not applicable because that subsection relates to depositions directed to an organization.) Although a court may order that the deposition be taken by telephone or other remote means, Fed. R. Civ. P. 30(b)(4), it is not required to do so.

Although I understand plaintiff's concerns about travel, those cases in which courts have found that a deposition imposed an undue burden typically have involved much more significant impositions on the witness's time or obligations. *Ameritox, Ltd. v. Millennium Health, LLC*, 2015 WL 420308, at *2 (W.D. Wis. Feb. 2, 2015) (citing *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197-98 (11th Cir. 1991) (affirming district court's quashing of subpoena directed to Centers for Disease Control staff physician because doctor was needed "in dealing with a national health crisis"); *Jesuits of Missouri Province*, 175 F.R.D. 556, 559-60 (D. Kan. 1997) (quashing subpoena issues on three-days' notice commanding pregnant, non-party to appear 60 miles from home at 8:00 a.m.); *In re McCorhill Pub. Inc.*, 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988) (quashing subpoena where deponent was in danger of suffering heart attack or life-threatening seizure)).

Given that plaintiff filed her lawsuit in the Western District of Wisconsin, she should have known that at least some legal proceedings would necessarily involve her travel to Madison. While I am sympathetic to plaintiff's proffered stress about traveling to an unfamiliar city, this

2

does not qualify as an undue burden that requires quashing the notice of deposition. There are relatively inexpensive buses running nonstop between Milwaukee and Madison all day long, with most Madison stops downtown within a short (and safe) walking distance of the Wisconsin Department of Justice on the Capitol Square.

In anticipation of the court's ruling on the motion to quash, defendant issued an amended notice of deposition for January 24, 2020 at 10 a.m. If plaintiff has further concerns, then she should contact defendant's attorney. Defendant shall make every reasonable accommodation in terms of location, day of the week and time to ease the burden on plaintiff, including providing her with an estimate for the length of the deposition. The parties' January 24, 2020 deadline for filing dispositive motions shall be extended to February 14, 2020.

ORDER

IT IS ORDERED that:

(1) Plaintiff C. Griffin's motion for to quash and for a protective order, dkt. #19, is DENIED.

(2) Defendant UW System Board of Regents's motion for an extension of the deadline for filing dispositive motions, dkt. #22, is GRANTED. The parties shall have until February 14, 2020 within which to file dispositive motions.

Entered this 14th day of January, 2020.

BY THE COURT:
/s/

_____
STEPHEN L. CROCKER
Magistrate Judge