IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

C. GRIFFIN,

                Plaintiff,                        OPINION AND ORDER

   v.

                                                     19-cv-277-bbc

UW SYSTEM BOARD OF REGENTS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, pro se plaintiff C. Griffin, a former student at the University of Wisconsin-Milwaukee, is proceeding on a claim under Title VI of the Civil Rights Act of 1964 against defendant University of Wisconsin System Board of Regents. In a text only order entered on February 6, 2020, Magistrate Judge Crocker ruled on a number of discovery motions filed by the parties. Dkt. #35. In particular, plaintiff had filed a number of motions in an attempt to block defendant's requests for written discovery and her deposition, "interposing objections that the court has found—and continues to find—unpersuasive." Id. (citing dkt. ##19, 26, 27 and 28). Finding that defendant was entitled to depose plaintiff and review her education records, Magistrate Judge Crocker gave plaintiff until February 13, 2020 to either (1) sign an authorization for the release of her educational records and commit to a deposition that was to occur in Madison no later than February 28, or (2) abandon her lawsuit. He also granted defendant's request to extend the dispositive motion deadline to March 20, 2020.

In lieu of a response to Magistrate Judge Crocker's order, plaintiff has filed a motion to disqualify defense counsel, dkt. #37; a notice of interlocutory appeal of the court's

January 8, 2020 order denying her motion for reconsideration and January 14, 2020 order denying her motion to quash defendant's notice of her deposition, dkt. #39; and an objection to the text only order entered by the Magistrate Judge, dkt. #42. (Plaintiff also has filed a motion to compel, which is still being briefed by the parties.) For the reasons below, plaintiff's motion to disqualify defense counsel and her objection to the text only order will be denied. In addition, I will not certify that plaintiff may take an interlocutory appeal from the January 8 and 14, 2020 orders.

OPINION

A. Motion to Quash and Disqualify Defense Counsel and Objection to Magistrate Judge Order

Plaintiff offers little argument or explanation in support of her motion to disqualify defense counsel, stating only that Attorney Jeffery A. Simcox "made several misleading and outright false statements" in a declaration in support of defendant's opposition to her initial motion to quash and that defense counsel has been "engaging in fraud on the Court by way of misleading declarations and intentional omissions." Dkt. #37 at 2-3. Because plaintiff's vague accusations do not provide sufficient grounds on which to disqualify defense counsel and there is no evidence in the record that defense counsel has committed any wrongdoing, plaintiff's motion will be denied.

Plaintiff also generally disagrees with Magistrate Judge Crocker's ruling that she either (1) sign a release of information for her educational records and sit for a deposition in Madison, Wisconsin; or (2) abandon her lawsuit. Plaintiff argues that there is an insufficient

2

factual basis for the ruling and that she did not have a chance to file a reply in support of her motion to quash defendant's January 10, 2020 notice of her deposition before the entry of the text only order. (Plaintiff also previously filed a motion to quash defendant's December 2019 deposition notice.) Although the text only order was entered the day before plaintiff's reply brief was due, plaintiff had made her arguments clear in her initial motion. In any event, I have reviewed all of plaintiff's submissions, including her reply brief, and find that the magistrate judge did not err in denying the motion to quash and requiring plaintiff to sit for a deposition in Madison.

In her initial and reply briefs in support of her motion to quash, plaintiff says that defendant's deposition notice lacks clarity, sufficient detail and any information to properly assist her with preparation, in violation of Federal Rule of Civil Procedure 30(b)(6). However, as the magistrate judge explained in his January 14 order denying plaintiff's motion to quash the December 2019 notice, plaintiff's references to Rule 30(b)(6) are not applicable because that subsection relates to depositions directed to an organization and not to an individual. Under Rules 30(b)(1) and (3), a notice of deposition "must state the time and place of the deposition and, if known, the deponent's name and address," all of which defendant included in the notices sent to plaintiff. Although plaintiff seems to want more information about what will be asked of her at the deposition, there is no legal requirement that defendant provide such information to plaintiff.

At her deposition, plaintiff should expect to be asked about the basis of her claim and any information that may be relevant to it. "Parties may obtain discovery regarding any

3

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26. Although plaintiff states that defendant is seeking privileged information, she has not shown this to be the case. For example, the information that defendant has requested regarding plaintiff's educational and billing records is not privileged and is material to plaintiff's claim that defendant is improperly charging her non-resident tuition. In addition, contrary to plaintiff's contention, she is not entitled to a witness fee and reimbursement for mileage because she is a party in this case. Haroco, Inc. v. American National Bank & Trust Co. of Chicago, 38 F.3d 1429, 1442 (7th Cir. 1994) ("The general rule . . . is that parties may not normally collect witness fees.").

B. Interlocutory Appeal

Because the court's January 8, 2020 order denying plaintiff's motion to reconsider the dismissal of several of plaintiff's claims and the January 14, 2020 order denying the motion to quash defendant's notice of her deposition are not final orders, plaintiff can appeal those decisions only under limited circumstances. Specifically, a district court may certify a nonfinal order for an interlocutory appeal if: (1) "there is substantial ground for difference of opinion" as to a controlling question of law; and (2) an immediate appeal "may materially

4

advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiff has failed to satisfy these requirements with respect to both January orders.

There is no ground for difference of opinion as to a controlling question of law about the dismissal of plaintiff's Title VII and § 1983 claims against the individual defendants, her § 1983 claim against the Board of Regents (which is not a "person" for purposes of that statute) or her claims against the university (which is not a suable entity). As I explained in the January 8 order denying plaintiff's motion to reconsider the dismissal of these claims, her arguments were confusing, not relevant to the issues raised in defendants' motion to dismiss and failed to explain how the court erred in dismissing her claims. There also is no room for reasonable disagreement about whether defendant is entitled to depose plaintiff by oral questions in Madison, Wisconsin rather than by written questions or near her home in Milwaukee, Wisconsin.

In addition, an immediate appeal of these issues would only delay the resolution of the case and would not materially advance the ultimate termination of this litigation. Therefore, I will not certify that plaintiff may take an interlocutory appeal from the January 8 and 14, 2020 orders.

C. Next Steps

Plaintiff shall have until February 28, 2020 to either (1) sign an authorization for the release of her educational records and commit to a deposition that must take place in Madison no later than March 20, 2020, or (2) abandon her lawsuit. If plaintiff fails to

5

respond by February 28, 2020, or responds only with additional motions to quash or objections, or otherwise delays discovery in this case, I will dismiss her lawsuit. Although this further delay in the taking of plaintiff's deposition will most likely affect defendant's ability to file a motion for summary judgment and interfere with other pretrial deadlines, I will not revise the schedule until hearing from plaintiff by February 28.

ORDER

IT IS ORDERED that

1. Plaintiff C. Griffin's motion to quash defendant's amended deposition notice and disqualify defense counsel, dkt. #37, and objection to the text only order entered by the Magistrate Judge, dkt. #42, are DENIED.

2. Plaintiff is DENIED leave to file an interlocutory appeal from the court's January 8 and 14, 2020 orders denying her motion for reconsideration and motion to quash.

3. Plaintiff shall have until February 28, 2020 to either (1) sign an authorization for the release of her educational records and commit to a deposition that must occur in Madison no later than March 20, 2020, or (2) abandon her lawsuit. If plaintiff fails to

respond by February 28, 2020, or responds only with additional motions to quash, objections or delays, I will dismiss this case.

Entered this 20th day of February, 2020.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge