IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

C. GRIFFIN,

          Plaintiff,                       OPINION AND ORDER

   v.

                                           19-cv-277-bbc

UW SYSTEM BOARD OF REGENTS,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, pro se plaintiff C. Griffin, a former student at the University of Wisconsin-Milwaukee, is proceeding on a claim under Title VI of the Civil Rights Act of 1964 against defendant University of Wisconsin System Board of Regents. On February 20, 2020, I denied several motions filed by plaintiff relating to defendant's efforts to conduct discovery and gave plaintiff until February 28, 2020 to either (1) sign an authorization for the release of her educational records and commit to a deposition that must occur in Madison no later than March 20, 2020, or (2) abandon her lawsuit. Dkt. #46. I also specifically warned plaintiff that if she failed to respond by February 28, or responded only with additional motions to quash, objections or delays, I would dismiss this case.

Because plaintiff did not respond to or otherwise comply with the terms of the February 20 order, defendant has moved for dismissal of this case. Dkt. #55. In addition, and in lieu of a response to my previous order, plaintiff has filed three motions in an attempt to transfer her case out of this court and further delay any additional proceedings: (1) a motion to disqualify me as the judge in her case, dkt. #47; (2) a motion to transfer this case to the Eastern District of Wisconsin, dkt. #48; and (3) an objection to the court's February

20, 2020 order denying her motion to quash defendant's amended deposition notice and disqualify defense counsel, objection to the text only order entered by the magistrate judge and leave to file an interlocutory appeal, dkt. #49. Finally, plaintiff previously filed a motion to compel discovery from defendant, which also is now before the court. Dkt. #44. For the reasons below, I am granting defendant's motion to dismiss, denying all four of plaintiff's motions and closing this case.

OPINION

According to defendant, plaintiff has not provided a signed authorization for her educational records or commit to a time and place for a deposition. Rather than responding by the February 28, 2020 deadline for doing so, on February 26, plaintiff filed an objection to my order, requested that the court transfer her case to the Eastern District of Wisconsin and asked that I disqualify myself as the judge in her case. Her motions are vague, confusing and baseless.

Plaintiff's objection to the February 20 order repeats the same general accusations of fraud and bias that I rejected in denying her previous motions to quash defendant's discovery requests and disqualify defense counsel. Although plaintiff asks that I transfer her case "in the interest of justice, fairness and convenience" because the court has acted "fraudulently" and as an "advocate for the defense" in ruling on her previous motions, dkt #48 at 1-3, she has failed to explain why the venue she chose when she filed her case is inconvenient for the parties or witnesses or why the Eastern District of Wisconsin would be

a more convenient venue. 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986) (movant has burden of showing alternative forum is clearly more convenient). With respect to the "interest of justice" requirement, the Court of Appeals for the Seventh Circuit has made clear that the "analysis relates . . . to the efficient functioning of the courts, not to the merits of the underlying dispute" and is "not a vehicle for resurrecting a claim lost because the plaintiff erred in her initial choice of forums." Coffey, 796 F.2d at 221. Plaintiff says nothing about the efficient functioning of the court and inappropriately bases her interest of justice argument only on her disagreement with this court's rulings.

Plaintiff has raised similar accusations of fraud and unfairness in her motion to disqualify me as the judge in her case under 28 U.S.C. § 144 (personal bias or prejudice against party or in favor of adverse party) or 28 U.S.C. § 455 (judge must disqualify herself in cases in which "impartiality might reasonably be questioned" or there is personal bias or prejudice). The main difference between the statutes seems to be that § 144 anticipates that a party will be moving for relief, whereas § 455 talks in terms of the judge disqualifying herself, presumably after becoming aware of a basis on which her impartiality might be questioned. United States v. Tepoel, 2008 WL 2273726, at *1 (W.D. Wis. June 2, 2008), aff'd., 317 Fed. Appx. 549 (7th Cir. 2009). The question in applying either statute is determining whether the facts (as shown by the movant under § 144 or as learned by the

3

judge under § 455) are sufficient to cause an impartial observer reasonably to question the judge's decision to hear the case. Id. Plaintiff has failed to satisfy this standard.

Plaintiff suggests that I am impartial because my spouse previously served as the director of the University of Wisconsin–Madison Memorial Union (he retired in 2001) and that I have a personal bias against her because I have not treated her fairly, subjected her to unspecified "higher standards" and have ruled against her. However, to be sufficient, allegations of bias must be based on more than adverse rulings at trial, even if the adverse rulings were numerous, frequent, erroneous or unjustified. Tepoel, 2008 WL 2273726, at *1. "Simply ruling against a party does not indicate that the judge is biased or prejudiced against that party." Castelino v. Rose-Hulman Institute of Technology, 2018 WL 850323, at *6 (S.D. Ind. Feb. 14, 2018). See also Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . Almost invariably, they are proper grounds for appeal, not for recusal."); United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."); Gaines v. White River Environmental Partnership, 6 Fed. Appx. 345, 347 (7th Cir. 2001) ("[Plaintiff's] allegations against [the judge] . . . consist of nothing more than complaints about adverse rulings and therefore we reject them for failure to satisfy the requirements of § 144."). Although plaintiff points to the link between defendant and my spouse's former employment as a possible outside source of bias, an impartial observer would not reasonably

4

question my decision to hear the case on the ground that my spouse worked for a department within the university system almost 20 years ago. (Although plaintiff speculates that my husband and I still have financial ties to the university, she has failed to present any facts from which such a conclusion may be drawn.)

Finally, plaintiff's earlier-filed motion to compel fails to identify any specific instances in which defendant has failed to comply with the discovery rules, only vaguely accusing defendant of "stonewalling" and not providing unspecified "requested information." Dkt. #44 at 1-2. Accordingly, all of plaintiff's motions will be denied.

Turning to defendant's motion to dismiss, plaintiff does not deny her failure to comply with the February 20, 2020 order, stating only that she does not have "possession, custody or control" of documents in "the employment release form." However, as the court and defendant have explained to plaintiff numerous times, defendant seeks to obtain plaintiff's *educational* records but needs her signed consent to do so. Plaintiff offered no reason for not agreeing to sit for a deposition. Accordingly, as I warned plaintiff in the February 20, 2020 order, I am dismissing plaintiff's case with prejudice.

ORDER

IT IS ORDERED that

1. Plaintiff C. Griffin's motion to disqualify the judge in her case, dkt. #47; motion to transfer this case to the Eastern District of Wisconsin, dkt. #48; objection to the court's February 20, 2020 order, dkt. #49; and motion to compel, dkt. #44, are DENIED.

5

2. Defendant University of Wisconsin System Board of Regents's motion to dismiss this case with prejudice for plaintiff's failure to comply with this court's February 20, 2020 order, dkt. #55, is GRANTED.

3. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 18th day of March, 2020.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge